UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALLGOOD ENTERTAINMENT, INC., and ALLGOOD
CONCERTS, LLC

                        Plaintiffs,                    Case No. 09 CV 5377 (HB)

                    -against-

JOHN BRANCA and JOHN McCLAIN
as Special Administrators of the ESTATE OF
MICHAEL JACKSON, DILEO ENTERTAINMENT
AND TOURING, INC., FRANK DILEO, an individual;
ANSHUTZ ENTERTAINMENT GROUP,
AEG LIVE, LLC, AEG LIVE NY, LLC.,

                    Defendants,
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND TO COMPEL THE PRODUCTION OF DOCUMENTS AND INFORMATION

Dated: July 19, 2010

Ira Scot Meyerowitz (IM-2449)
Jon Jekielek (JJ-0536)
MEYEROWITZ JEKIELEK PLLC
295 Madison Avenue
22nd Floor
New York, New York 10017
Tel:  (212) 686-7008
Fax: (212) 542-8883

*Attorneys for Plaintiffs*

Plaintiffs AllGood Entertainment, Inc. and AllGood Concert, LLC (collectively "AllGood" or "Plaintiffs"), through their attorneys, Meyerowitz Jekielek PLLC, respectfully submit this memorandum of law in support of Plaintiffs' Motion for Reconsideration of the Court's Opinion and Order, dated June 29, 2010, to reinstate Plaintiffs' fraud claims and to Compel the Production of Documents and/or to issued Court order subpoenas to obtain certain party and non-party phone records.

## STATEMENT OF FACTS

Plaintiffs respectfully refer the Court to the accompanying Affirmation of Ira Scot Meyerowitz, and annexed exhibits thereto (the "Meyerowitz Affirmation"), as well as to be incorporated by reference herein the soon to be filed and serve Plaintiffs' Statement of Undisputed Facts with Exhibits.

## ARGUMENT

## POINT I

### THE COURT SHOULD RECONSIDER ITS RECENT OPINION AND ORDER IN LIGHT OF DISCOVERY

The Court recently dismissed Plaintiffs' fraud claims against the Dileo Defendants on the grounds that Plaintiffs failed to plead with sufficient the fraud with sufficient particularity as required under FRCP Rule 9(b).

Things have changed significantly. As set forth in the accompanying Meyerowitz Affirmation, with annexed exhibits, the parties have had discovery since the motions to dismiss were granted and Plaintiffs learned a lot about the nature of the fraud them that they could not allege with particularity at the time of filing the Amended Complaint.

Pursuant to FRCP Rule 59(e), this Court should respectfully reconsider its Opinion and Order, dated June 29, 2010, dismissing Plaintiffs' fraud claims and have the pleadings conform to the proof as recently discovered.

## POINT II

## PLAINTIFFS ARE ENTITLED TO PHONE RECORDS

Pursuant to FRCP Rule 37, a party may move to compel disclosure where another party has failed to respond properly to requests for production made under Rule 34.

FRCP Rule 26(b)(1) interprets discoverable information broadly as all non-privileged information which is "relevant to any party's claim or defense," or that may lead to discovery of admissible evidence. *United States v. International Bus. Mach. Corp.*, 68 F.R.D. 315, 316 (S.D.N.Y. 1975) ("the purpose of discovery is to allow a broad search for facts") (quoting The Advisory Committee's Notes to the amendments to Rule 26(b)).

The standard of relevance in discovery matters is a generous one. *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 963 F.2d 106, 114 (2d Cir. 1992) ("the scope of discovery under Fed. R. Civ. P. 26(b) is very broad"); *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116, 2009 WL 1422743, at *1 (S.D.N.Y. May 20, 2009).

Pursuant to Rule 26(b)(1), a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

3

"The information sought need not be admissible at the trial if the information sought appears reasonable calculated to lead to the discovery of admissible evidence." *Id.*

"When a party seeks relevant discovery, the party resisting discovery bears the burden of establishing the factual basis for withholding the requested discovery. *Abu-Nassar v. Elders Futures, Inc.*, No. 1991 WL 45062 (S.D.N.Y. 1991). "If there is no valid reason for withholding the requested discovery, the court may, upon motion of the party seeking discovery, compel the opposing party to respond to the request pursuant to Fed. R. Civ. P. 37(a)." *Id.*.

Pursuant to Rule 37 of the FRCP, a party may move to compel the production of documents when the adversary fails to answer adequately a discovery request.

When a party seeks to compel discovery of purportedly privileged information, the burden of establishing the existence of a privilege rests with the party asserting it. *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000).

"The burden cannot be met by 'mere conclusory or ipse dixit assertions' in unsworn motion papers authored by attorneys." *Von Bulow by Auersperg v. Von Bulow*, 811 F.2d 136, 149 (2d Cir. 1987) (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965)).

Furthermore, the Fairness Doctrine provides that "privilege may ... be waived when invoked in some fundamentally unfair way." See *Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 200 F.R.D. 183, 193 (W.D.N.Y. 2001).

The Fairness Doctrine "aim[s] to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information." *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987) (extending the fairness doctrine to disclosures not made in the course of a litigation).

Significantly, the Fairness Doctrine dictates disclosure "where the party asserting the privilege makes factual assertions, the truthfulness of which may be assessed only by an examination of the privileged communications or documents." *Falise v. Amer. Tobacco Co.*, 193 F.R.D. 73, 84 (E.D.N.Y. 2000)(citations omitted); *see also Amer. Steamship Owners Mut. Prot. Indem. Ass'n Inc. v. Alcoa Steamship Co., Inc*, 232 F.R.D. 191, 199 (S.D.N.Y. 2005).

In the instant case, the phone records Plaintiffs seek herein were requested in their discovery demands and all Dileo need do is consent to the release of those records, which for all intents and purposes are in his custody and control.

As discussed in these papers, and as seen in the forthcoming summary judgment papers, the requested documents are crucial to a determination of this action and the claims dismissed. The only way to test the truth of Dileo and AEG's denials under oath and their seemingly impossible claims that they did not even know about each other and had no prior knowledge of each others agreements and negotiations, is to resort to the phone records. Further, they would impeach the parties and witnesses testimony stating that they never communicated with each other during the period of time at issue. These documents are wholly relevant. While Plaintiffs could have sought AEG's records and other third-parties, we believe that limiting that search to a single set of records minimize the prejudice.

In light of the evidence that Dileo's partner, Mark Lamicka was speaking with a President of AEG near the relevant time period and before the relevant agreements were signed, Plaintiffs respectfully request that the Dileo Defendants be ordered to provide their consent to the release of the telephone records requested and/or that Plaintiffs be allowed to issued a Court ordered subpoena for the release of these documents.

Furthermore, in light of this newly discovery evidence, Plaintiffs respectfully request that they be entitled to subpoena this President of AEG to answer questions concerning his knowledge of the matter and provide his other phone number information to check it against the records had and to be acquired.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court grant the relief set forth in these motion papers.

Dated: New York, New York
July 19, 2010

MEYEROWITZ JEKIELEK PLLC

By:_____
Ira Scot Meyerowitz (IM 2449)
295 Madison Avenue
22nd Floor
New York, New York 10017
Tel: (212) 686-7008
Fax: (212) 542-8883

*Attorneys for Plaintiffs*