# EXHIBIT J

**GT** GreenbergTraurig

Caroline J. Heller
Tel 212.801.2165
Fax 212.805.9488
hellerc@gtlaw.com

July 21, 2010

**VIA FACSIMILE: (212) 805-7901**

The Honorable Harold Baer, Jr.
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    **AllGood Entertainment Inc. et al. v. Jackson et al. 09CV5377**

Dear Judge Baer:

We represent defendants Dileo Entertainment and Touring, Inc. and Frank Dileo ("Dileo
Defendants"). After 10:00 p.m. Monday evening, July 19, 2010, Plaintiffs electronically
filed a motion to compel phone records of Frank Dileo and for an order allowing them to
take the deposition of John Rubey, President of a division at non-party AEG Live, LLC,
concerning his communications with another non-party months before the relevant time
period in this matter ("Motion to Compel"). Plaintiffs also filed a Motion for
Reconsideration of dismissal of claims only as to the Dileo Defendants. While the Dileo
Defendants believe that the Motion for Reconsideration is groundless, and will address it
on the merits, we address herein the Motion to Compel and respectfully ask that the Court
strike the Motion to Compel as untimely and improper.

This Court's August 20, 2009 Order set a discovery cut-off date of May 7, 2010. Dileo
Defendants dutifully worked to meet this deadline. Plaintiffs did not, and requested an
extension. This Court granted that extension, resetting discovery cut-off to June 15,
2010. Plaintiffs failed to make any discovery motions during the relevant discovery
period, waiting a full month until after the discovery cut-off to make the Motion to
Compel. In fact, in a Meet and Confer with the Dileo Defendants on June 21, 2010,
Plaintiffs agreed that they would *not* seek copies of the very phone records they now ask
this Court to compel Dileo to produce.[1]    Thus, not only is the Motion to Compel
untimely, it is disingenuous as Plaintiffs agreed not to demand such documents.

---

[1] In a June 14, 2010, letter, one day before the discovery cut-off, Plaintiffs demanded from the
Dileo Defendants the very phone records they now seek in the Motion to Compel. (See Exhibit A.)
Counsel engaged in a telephone meet and confer with Plaintiffs' Counsel on June 21, 2010, who withdrew
their demand for phone records. (See Exhibit B.)

Hon. Harold Baer, Jr.
July 21, 2010
Page 2

Further, Plaintiffs ask the Court to re-open discovery and allow them to subpoena Mr. Rubey for phone records and deposition. This request is improper because (a) the discovery cut-off is closed, (b) Mr. Rubey is an employee of a party that has now been dismissed from the case (AEG Live, LLC), and (c) the information sought is not relevant to, or likely to lead to the discovery of admissible evidence concerning, any remaining or dismissed claim in the case. Plaintiffs seek to depose Mr. Rubey, a President of a division of AEG, of one of the world's largest live entertainment promotion companies that represents numerous artists, about communications between Mr. Rubey and non-party Mark Lamicka that took place *five (5) months* before Plaintiffs ever communicated with the Dileo Defendants about a Jackson Family concert. The basis of Plaintiffs' request is that subpoenaed phone records show the existence of telephone calls between John Rubey and Mark Lamicka June 5 and 9 of 2008. (Plaintiffs' Exhibit V.) These same phone records show there were no calls between Mr. Rubey and Mr. Lamicka after June 2008.

Not only is such information patently irrelevant to the case; telltale evidence that Plaintiffs know it's irrelevant is that Plaintiffs' discovery demands to the AEG Parties *did not* seek communications between AEG and the Dileo Parties prior to November 21, 2008 that were not specifically related to the 02 Concerts, the Event or the allegations in the Complaint. (*See e.g.* Exhibit C, Interrogatory No. 7 at p. 12). When Plaintiffs did ask for telephone records without regard to the subject matter of the communication, they limited the request to phone calls between AEG and Dileo between November 21, 2008 and December 31, 2009. (*Id.*, Document Request No. 36, at p. 14). Moreover, Plaintiffs never sought documents concerning communications between AEG and Mark Lamicka.

The Dileo Defendants and the Estate of Michael Jackson served and filed their Motions for Summary Judgment on July 9, 2010, which motions will be fully submitted to this Court on August 2, 2010. Plaintiffs Motion to Compel is a blatant attempt to harass the parties and delay resolution of this case. Accordingly, Dileo Defendants respectfully request that the Court strike the Motion to Compel so that they are not burdened by having to oppose an untimely and improper motion. As any opposition is due on July 29, 2010, the Dileo Defendants respectfully seek a determination on this letter application with sufficient time to allow the filing of an opposition if necessary.[2]

---

[2]Plaintiffs' Notice of Motion states that Dileo Defendants' Opposition to the Motion to Compel is due Monday, July 26, 2010. Pursuant to Federal Rule 6(d) and Local Rule 6(a), the Dileo Defendants are entitled to seven (7) days to oppose the motion, plus three (3) days because the Motion to Compel was served by a means other than hand delivery. Thus, Plaintiffs, having served the Motion to Compel on July 19, 2010 via electronic mail makes any opposition due within ten (10) days.

Hon. Harold Baer, Jr.
July 21, 2010
Page 3

---

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
     Caroline J. Heller

Enclosures

cc:   Ira Scot Meyerowitz, Esq.      (*via email*)
      Jon Damon Jekielek, Esq.       (*via email*)
      Howard Weitzman, Esq.          (*via email*)
      Zia Modabber, Esq.             (*via email*)
      Jonathan Steinsapir, Esq.      (*via email*)

# EXHIBIT A

# MEYEROWITZ JEKIELEK PLLC
## ATTORNEYS AT LAW

Ira Scot Meyerowitz
ira@mjlawfirm.com

Via Electronic and Regular Mail

June 13, 2010

Caroline J. Heller, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

      Re:    AllGood Entertainment v. Jackson et al.; Civil Action No. 09CV5377

Dear Caroline:

In connection with the Dileo Defendants' Response to Plaintiffs' First Notice of Production of Documents and, upon review of their production, it is evident that the responses are ripe with frivolous objections and there are a substantial amount of discoverable documents that have not been produced.

Now, that we have a moment to address these issues, and the depositions have brought to light how critical certain requested documents are, we hope the Dileo Defendants will cooperate and produce documents and supplement the information requested, as set forth below.

Most importantly, we note that Mr. Dileo has failed to produce any of his phone records during that critical time period in which any communications by and between the Dileo Defendants and AEG would result in summary judgment in Plaintiffs' favor. We learned in the last two weeks of depositions, that the Dileo Defendants and the AEG Defendants maintain there have been no communications or meetings between them during the period of November 2008 through early March of 2009. Detailed phone records of all of Mr. Dileo's land and cell line phones are undeniably relevant to this issue in controversy and, therefore, must be produced.

If Mr. Dileo claims he has no phone records in his possession, then he is obligated to notify the phone company to provide him with these records (which are considered to be in Mr. Dileo's custody or control) or, as you know, since we subpoenaed Mr. Dileo's phone records, he can consent to the release of those records to us.

Similarly, the Dileo Defendants have produced a dearth of emails and other communications. Ironically, their production supports our claims that you have in fact deliberately withheld discoverable correspondence. For example, Dileo0073 is correspondence from Bert Padell to Mr. Dileo and it expressly states "I have received your emails, Re: Confidentiality and Non-Disclosure agreement," yet there is not more than one email in your production between Mr. Padell and Mr. Dileo. Where are the emails? Where are the letters?

295 Madison Avenue, 22nd Floor, New York, New York 10016
(p) 212 686-7008 ● (f) 212 542-8883 ● www.mjlawfirm.com

Your failure to produce even basic correspondence pertaining to the agreement that is the subject matter of the lawsuit is sanctionable and we demand that all relevant communications and correspondence be produced immediately.

Here too, we have served subpoenas upon the Dileo Defendants' email providers for emails during the relevant period. We request that the Dileo Defendants to consent to the release of these emails in their control.

We will not restate the issue concerning Mr. Lamicka and stand upon our continuing requests for his information.

During his deposition, Mr. Dileo testified that Mr. Lamicka and Mr. Krashna were and are not his partners, and that he owns or operates several business entities that were never identified by way of written discovery and seem to have been in existence during the same, relevant time period.

Therefore, we reiterate our request at the deposition (grounded in Plaintiffs' document requests) that Mr. Dileo produce relevant corporate documents as to the ownership, officers and employees of all these companies, as well as any and all documents, agreements and communications with respect from, by or between these companies that refer or relate to Michael Jackson, the AEG Defendants, the Jackson Family, the O2 Concert Series, Plaintiffs, Dr. Tohme Tohme, the law firm of Luce Forward, This Is It and/or The Event from November 2008 to date.

Be advised that the Dileo Defendants' General Objections and Specific Objections are improper. As a matter of law, "general or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (SDNY 2006). General Objection ¶ 3 falls directly into the holding in Farber, and furthermore General Objection ¶ 11 states that "The foregoing General Objections apply to all of the following response."

While you have provided Specific Objections to the document requests in conjunction to the Dileo Defendants' General Objections, it is unclear which part of Plaintiffs' requests are being objected to and on what grounds. Therefore, we request that you supplement the Dileo Defendants' responses with a detailed specific objection to any and all requests that you believe are objectionable so that we may properly challenge your objections.

Responses to Document Request Nos. 6, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, and 35, all state that the Dileo Defendants are unaware of any documents pertinent to these request that are in your possession, custody, and control. There are issues with the following requests:

- Any and all agreements between Dileo Defendants and The Jackson Estate in connection to This is It.

- Any and all agreements between Dileo Defendants and Michael Jackson in connection to This is It.

- Any and all agreements between Dileo Defendants and Jackson Family Members in connection to This is It.

- Any and all documents in connection with the marketing and/or promotion of This Is It.

- Any and all documents relating to the amount of money earned by the Michael Jackson, The Jackson Estate, and/or Jackson Family Members from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson from January 2008 including bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence.

- Any and all documents relating to the amount of money earned by the Dileo defendants from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson from January 2008 including bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence.

Mr. Dileo is credited as a co-producer on the film This Is It. With a prominent role in a feature film that has been released worldwide, it is highly unlikely that Mr. Dileo is not in possession of a contract pertaining to his position as "Co-Executive Producer" and correspondence discussing and/or negotiating the terms of the agreement as well as other documents pertaining to the subject matter of This Is It.

Plus, we now know from Mr. Dileo's deposition that he was involved with Michael Jackson, in a managerial capacity or otherwise, during the time period for which the content of the movie was filmed and produced.

How can the Dileo Defendants be "unaware" of any agreements that exist between the Defendants and the AEG Parties or the Jackson Estate? Is there a chance that Mr. Dileo does not know if he is a party to an agreement? The more proper response is to inform Plaintiff that "No such documents exist," if that truly is the case. Again, we request that you supplement the Response and produce the foregoing requested documents and/or clarify if the requested documents exist or not.

The Dileo Defendants have made objections to produce documents on the grounds that Plaintiffs' requests seek information without any reference to a time period. These objections are not proper because the time periods are necessarily limited, and in any event, need not be because any reference to them would be relevant in this case. We specifically refer the Dileo Defendants to their responses to document request No. 5 and

No. 6. Although not expressly stated in the requests both are narrowly drafted as to the subject matter and a time period can be ascertained.

Please advise by the end of business today, whether the Dileo Defendants' intend to remedy the above referenced failures and when we can expect to receive the requested documents.

Very truly yours,

Ira Scot Meyerowitz

# EXHIBIT B

**Heller, Caroline (Shld-NY-LT)**

| | |
|---|---|
| **From:** | Heller, Caroline (Shld-NY-LT) |
| **Sent:** | Monday, June 21, 2010 4:35 PM |
| **To:** | <ira@mjlawfirm.com>; Irameyerowitz |
| **Cc:** | <jon@mjlawfirm.com>; Reeder, Joe (Shld-DC-LT) |

**Subject:** AllGood v. Estate - Meet and confer

Dear Ira,

I am glad Joe and I were able to confer with you and John. Per our agreement, we will take a look to make sure there is no Corporate record or entities that will be responsive to Interrogatory 13. Other than that, I think you indicated that you are fine with the written discovery.

We appreciate your review and production of the Carolina Santacruz emails, whether in Allocco's or Santacruz's possession, given what transpired during the depositions.

We appreciate the fact that your position has been stated to the Court regarding Leonard Rowe and Joe Jackson. We have done the same, and obviously don't agree, but I am sure that will get sorted out by the Court.

Regards,
Caroline J. Heller
Greenberg Traurig, LLP | MetLife Building | 200 Park Avenue | New York, NY 10166
Tel 212.801.2165 | Fax 212.805.9488
hellerc@gtlaw.com | www.gtlaw.com

 GreenbergTraurig

7/21/2010

# EXHIBIT C

Ira Scot Meyerowitz (IM-2449)
Jon Jekielek (JJ-0536)
MEYEROWITZ JEKIELEK PLLC
295 Madison Avenue
22nd Floor
New York, New York 10016
Tel:  (212) 686-7008
Fax: (212) 542-8883

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALLGOOD ENTERTAINMENT, INC., and ALLGOOD
CONCERTS, LLC

                Plaintiffs,                          Case No. 09 CV 5377 (HB)

        -against-

JOHN BRANCA and JOHN McCLAIN
as Special Administrators of the ESTATE OF
MICHAEL JACKSON, DILEO ENTERTAINMENT
AND TOURING, INC., FRANK DILEO, an individual;
ANSHUTZ ENTERTAINMENT GROUP,
AEG LIVE, LLC, AEG LIVE NY, LLC.,

                Defendants,
-------------------------------------------------------------X

## PLAINTIFFS' FIRST SET OF REQUESTS FOR RESPONSES TO INTERROGATORIES TO DEFENDANTS ANSHUTZ ENTERTAINMENT, AEG LIVE, LLC AND AEG LIVE NY, LLC

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure

("FRCP"), demand is hereby made upon defendants Anshutz Entertainment Group

("AEG"), AEG Live, LLC, ("AEG Live") AEG Live NY, LLC, ("AEG NY")

(collectively the "AEG Defendants" or the "Defendants") by the law firm of Meyerowitz

Jekielek PLLC, attorneys for plaintiff AllGood Entertainment, Inc. and AllGood Concert,

LLC (collectively "AllGood" or "Plaintiffs") to provide answers to the following interrogatories. These interrogatories must be answered under oath in accordance with the definitions and instructions set forth below and the definitions and instructions set forth in the Federal Rules of Civil Procedure and Local Rules, within 30 days from service of the interrogatories, at offices of the Plaintiffs' counsel, Meyerowitz Jekielek PLLC, 295 Madison Avenue, 22nd Floor, New York, New York 10017.

**DEFINITIONS**

1.    These Interrogatories shall be answered in accordance with Rule 33 of the Federal Rules, and Rule 33.3 of the Local Rules

2.    This request incorporates by reference the Definitions and Instructions appearing in Rule 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules.

3.    "All" means "any and all," and "any" means "any and all."

4.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification all responses which might otherwise be construed to be outside its scope.

5.    "Person" or "Persons" includes any and all of his/her present or former employees, agents, representatives, assigns, trustees, beneficiaries, heirs and/or affiliates.

6.    "Entity" includes any and all present and former partnerships, joint ventures, successors, predecessors, assigns, divisions, affiliates, parents, subsidiaries, affiliates, principals, owners, members, agents, partners, officers, directors, shareholders, employees, all predecessors in interest and/or each and every other person or entity acting on its behalf.

2

7.     "You" and "Your" means the person and/or entity to whom these Requests are directed and/or answering these Requests, including your present or former affiliates, divisions, principals and all members, officers, employees, subcontractors, independent contractors, agents, representatives, predecessors, successors, subsidiaries, assigns and/or any and all other persons acting (or who acted) or purporting to act (or who purported to act) on Your behalf.

8.     "Document" or "Documents," as defined or referenced in the dictionary, as well as in the FRCP and Local Rule 26.3(c)(2), and shall include, but not be limited to any and all writings and recorded or documented representations, whether it be a picture, drawing, diagram, chart, survey and/or graph, whether handwritten, typed and/or electronic, whether original, copy, printed, stored, archived, transcribed, etched, impressed, published on the internet, a bulletin board, blog and/or otherwise electronically published, and/or stored, reported, and/or recorded, however produced or reproduced, now or at any time in the possession, custody and/or control of the party to whom this Request is made,  Without limitation of the term "control," as used herein, a Document(s) is deemed to be in the control of the Requested Party if it has the right, power, authority and/or ability to request and/or obtain a copy and/or original of the requested Document from another person or entity. A draft of a non-identical copy is a separate document.

9.     "Communication" or "Communications," as defined or referenced in the dictionary, as well as the FRCP, and includes any and all expression and/or transmission of information, and is used herein in the broadest sense possible, and includes, but is not limited to any and all recorded or documented conversations, meetings, discussions

3

and/or any other occasion for verbal exchange, whether in person, by telephone or electronically, as well as any and all letters, notes, memos, memorandums, notices, publications, publishing, correspondence, emails, text messages, instant messages, blogs, social and/or other website entries and/or postings, other electronic transmissions or recordings, memoranda, telegrams, cables, wires, and/or facsimiles.

10.    "Agreement" or "Agreements" shall include, but not be limited to any and all amendments, modifications, supplements, rescissions, related Documents, drafts, term sheets and/or notes, and/or revisions thereto.

11.    "Complaint" means both the Complaint and/or the Amended Complaint served and filed in the instant action.

12.    "AllGood" or "Plaintiffs" means plaintiffs herein AllGood Entertainment, Inc. and AllGood Concerts, LLC, as alleged in the Complaint, and any of their present or former parents, subsidiaries, affiliates, assigns, principals, agents, partners, officers, directors, shareholders, employees, predecessors in interest and/or each and every other person or entity acting on its behalf.

13.    "AEG Defendants" means defendants herein Anshutz Entertainment Group, AEG, AEG Live, LLC, and/or AEG Live NY, LLC, as alleged in the Complaint and any of their present or former parents, subsidiaries, affiliates, assigns, principals, agents, partners, officers, directors, shareholders, employees, all predecessors in interest and each and every other person or entity acting on its behalf.

14.    "Dileo Entertainment" means defendant Dileo Entertainment and Touring Inc., as alleged in the Complaint, and any of its present or former parents, subsidiaries, predecessors, successors, divisions, partners, independent contractors, joint venturers,

affiliates, assigns, principals, agents, representatives, partners, officers, directors, shareholders, employees, and each and every other person or entity acting on its behalf.

15. "Dileo" means defendant Frank Dileo, as alleged in the Complaint, and any of his present or former principals, agents, partners, employees, heirs, assigns, predecessors in interest and each and every other person or entity acting on his behalf.

16. "Dileo Defendants" mean Dileo and Dileo Entertainment.

17. "Michael Jackson" means the artist and entertainer, as alleged in the Complaint, and any of his present or former principals, agents, partners, employees, heirs, assigns, predecessors in interest and each and every other person or entity acting on his behalf.

18. "The Jackson Estate" means the Estate of Michael J. Jackson, as alleged in the Complaint, c/o John Branca and John McClain, Special Administrators of and legally appointed Administrators of the assets and debts of the Estate of Michael J. Jackson and any of its present or former principals, agents, partners, employees and predecessors in interest and each and every other person or entity acting on their behalf.

19.    "Jackson Family Member" refers to Janet Jackson, Jackie Jackson, Tito Jackson, Jermaine Jackson, Marlon Jackson, and Randy Jackson, or any of them.

20.    The "Event" means "The Jackson Family Reunion: A Concert for the World" and/or that certain concert(s), as alleged in the Complaint, and/or the concept of such an Event, featuring Michael Jackson and/or the "Jackson Family," in which Plaintiff was to be the promoter.

21. The "O2 Concert" means a certain concert series, as alleged in the Complaint, and/or the concept of such an O2 Concert, featuring Michael Jackson in which any one of

the AEG Defendants was or were to be promoting and/or otherwise to be involved in said event.

22. "This Is It" means the recently produced and released movie consisting of interviews, rehearsals and backstage footage of Michael Jackson as he prepared for the 02 Concert, and as set forth in the Complaint.

## INSTRUCTIONS

1.     When, after a reasonable and thorough investigation, using due diligence, you are unable to answer an interrogatory, or any part thereof, on the ground of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate the information.

2.     When an interrogatory does not specifically request a particular document, but such document or documents are necessary to make the answer to the document request comprehensible, complete or not misleading, you should include the documents as part of your answer, and the document request shall be deemed specifically to request the documents.

3.     Your production to these interrogatories should be promptly supplemented if you obtain information on the basis of which you believe that any such answer was incorrect when made or that a production though complete when made is no longer completely complete.

4.     Whenever in these interrogatories there is a request to "identify" a natural person or individual, state the person's (i) full name; (ii) his or her present or last known

home and business addresses; (iii) his or her employer; and (iv) the present or last known place of employment; and the relationship, if any, of such individual to Defendant.

5.    Whenever in these interrogatories there is a request to "identify" a corporation, partnership, entity, unincorporated association or other person or business or governmental entity, state (i) the full name of such entity; (ii) the last known address of the headquarters, main office, or home office of such entity (stating the latest date at which you know this to have been its address); and (iii) its relationship, if any, to Defendant.

6.    Whenever in these interrogatories there is a request to "identify" a communication or agreement:  (i) state the date and place of such communication or agreement (in the case of telephone conversations, the location of each party); (ii) identify each person who was present at, or who participated in, such communication or agreement or who supplied any information used in making the communication or agreement; (iii) identify the type of communication (e.g., meeting, conference, telephone conversation); (iv) state the entire substance and content of such communication; (v) whether the communication was written or oral; and (vi) identify each document concerning such communication or agreement.

7.    Whenever in these interrogatories there is a request to "identify" a source of information:  (i) identify the person from the answering party who obtained the information; and (ii) identify each document or communication from such person concerning the information.

8.    Whenever in these interrogatories there is a request to "identify" a document, state, with suitable particularity to frame a subpoena duces tecum, such

7

information as is necessary to locate and define such document for production, including but not limited to (i) the type of document; (ii) its title, if any; (iii) the general subject matter of the document and a summary of its contents; (iv) the dates of its creation, execution, receipt, recording, filing and transcription; (v) the present or last known location of such document (stating the latest date at which you know this to have been the location of such document); (vi) the identity of the person or persons who authorized, created, executed, received, recorded, filed, transcribed, and now has custody of such document and the relationship of such persons, if any, to Defendant.

9.     Whenever in these interrogatories there is a request to "identify" an act, event or occurrence, state (i) the persons, documents, and communications involved; (ii) the place where and the time when the act, event, or occurrence took place; (iii) a summary and description of the nature, subject matter, substantive content, and physical characteristics of the act, event, or occurrence; and (iv) any result or disposition flowing from the act, event, or occurrence.

10.    The use of a word in its singular form shall be deemed to include within its use the plural form as well, and the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.    Each paragraph and subparagraph herein should be construed independently and not with reference to any other paragraph and subparagraph for the purpose of limiting the scope of the response to such request.

12.    Whenever an interrogatory calls for the identity of, or other information relating to, a document or communication claimed by the answering party to be priv-ileged, include in the statement of the identity of such document or communication the

8

fact of such claim of privilege and the basis asserted for such claim.  As to any such document or communication state:  (i) the reason for withholding it or information relating to it; (ii) the author of the document; (iii) the type of document (e.g., letter, memorandum, etc.); (iv) each person or other person to whom the original or a copy of the document was sent or distributed; (v) all persons present at or participating in the communication; (vi) the date of the document or communication; and (vii) the general subject matter of the document or communication.

In the event that any interrogatory is not responded to by you by reason that the request is claimed to be objectionable, please state with respect to each such document request the portion of the request that is claimed to be objectionable and the nature and basis of the objection.  However, responses shall be made to any portion of such request that is not claimed to be objectionable.  Where there is an objection to any document request or part thereof, identify each communication or document or portion thereof as to which the objection is made together with the following information:

(a)   In the case of a communication, identify:

i)     The persons present or participating in the communication;

ii)    The date, time and place of the communication;

iii)   The subject matter and substance of the communication;

iv)    All persons to whom the subject matter or substance of the communication was communicated; and

v)     The basis of the objection.

(b)   In the case of a document, identity:

i)     Each author or maker of the document;

ii)     Each addressee or recipient of the document and each other person to whom the document's contents were shown or explained;

iii)     The date of the document;

iv)     The title or description of the general nature of the subject matter of the document and the number of pages;

v)     The present location of the document;

vi)     Each person who has custody, possession or control of the document; and

vii)     The basis of the objection.

13.    If any document that would have been responsive to an interrogatory has been destroyed or discarded, identify the document and state also:

(a)     The date on which the document was destroyed or discarded;

(b)     The reason for the destruction or discard;

(c)     The persons authorizing and/or carrying out such destruction or discard.

14.    The interrogatories herein shall be deemed **continuing in nature**, so as to require supplemental answers if the answering party obtains further responsive information after the answers to these requests are made which should be disclosed pursuant to the FRCP.

15.    The interrogatories herein shall be deemed **continuing in nature**, so as to require supplemental answers if the answering party obtains further responsive information after the answers to these requests are made which should be disclosed pursuant to the FRCP.

16.     To the extent precise and complete information cannot be furnished in response to an interrogatory, such information as is available shall be supplied, together with an estimate of the precise and complete information.  Where such an estimate is given, the method employed in making the estimate should be described.   Where knowledge is not available, Defendants should answer to the best of their information and belief, and any such answer should be so described.

17.     Each answer is to be preceded by the request to which it is responsive.

## INTERROGATORIES

1. Identify each person(s) and/or entity(ies) that participated in the negotiation and/or formation of any and all Agreements by and between the AEG Defendants and Michael Jackson, The Jackson Estate and/or the Jackson Family Members in connection with the O2 Concert.

2. Identify each person(s) and/or entity(ies) that participated in the negotiation and//or formation of any and all Agreements by and between the AEG Defendants and Michael Jackson, The Jackson Estate and/or the Jackson Family Members in connection with This Is It.

3. Identify each person(s) and/or entity(ies) that participated in the negotiation and//or formation of any and all Agreements by and between the AEG Defendants and the Dileo Defendants in connection with the O2 Concert.

4. Identify each person(s) and/or entity(ies) that participated in the negotiation and//or formation of any and all Agreements by and between the AEG Defendants and the Dileo Defendants.

5. Identify each person(s) and/or entity(ies) that participated in the creation, , production, marketing of the O2 Concert and provide a detailed description of the matter about which the witness has knowledge.

6. Identify each person(s) and/or entity(ies) that the AEG defendants believed to be authorized representatives of Michael Jackson from January 1, 2008 through December 31, 2009 and state the basis for that belief.

7. Identify all Communications between the AEG Defendants and the Dileo Defendants in connection with the O2 Concert.

8. Identify all Communications between the AEG Defendants and Michael Jackson, The Jackson Estate and/or Jackson Family Members in connection with the O2 Concert.

9. State all material terms of any and all Agreements by and between the AEG Defendants and Michael Jackson, The Jackson Estate and/or the Jackson Family Members in connection with the O2 Concert.

10. State all material terms of any and all Agreements by and between the AEG Defendants and the Dileo Defendants in connection with the O2 Concert.

11. Identify, with detailed contact information, each person believed or known by Defendants to have knowledge concerning any of the issues or transactions in this lawsuit, and specify in detail the subject matter about which the witness has knowledge.

12. Identify, with detailed contact information, each person Defendants expect to call at the time of trial to testify on Defendants behalf as an expert, and specify the subject matter about which the expert witness has knowledge.

13. Identify any and all persons who assisted in the preparation of these Interrogatories, and state the Interrogatory or part thereof answered by each such person.

New York, New York
April 16, 2010

MEYEROWITZ JEKIELEK PLLC

By: _____

       Ira Scot Meyerowitz (IM-2449)
       Jon D. Jekielek (JJ-0536)
       295 Madison Avenue, 22nd Floor
       New York, New York 10017
       Tel: (212) 686-7006
       Fax: (212) 542-8883

       *Attorneys for Plaintiffs*

13

Ira Scot Meyerowitz (IM-2449)
Jon Jekielek (JJ-0536)
MEYEROWITZ JEKIELEK PLLC
295 Madison Avenue
22nd Floor
New York, New York 10016
Tel:  (212) 686-7008
Fax: (212) 542-8883

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALLGOOD ENTERTAINMENT, INC., and ALLGOOD
CONCERTS, LLC

                Plaintiffs,                    Case No. 09 CV 5377 (HB)

          -against-

JOHN BRANCA and JOHN McCLAIN
as Special Administrators of the ESTATE OF
MICHAEL JACKSON, DILEO ENTERTAINMENT
AND TOURING, INC., FRANK DILEO, an individual;
ANSHUTZ ENTERTAINMENT GROUP,
AEG LIVE, LLC, AEG LIVE NY, LLC.,

                Defendants,
-----------------------------------------------------------------X

### PLAINTIFFS' FIRST SET OF REQUESTS
### FOR PRODCTION OF DOCUMENTS TO
### DEFENDANTS ANSHUTZ ENTERTAINMENT,
### AEG LIVE, LLC AND AEG LIVE NY, LLC

      PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure

("FRCP"), demand is hereby made upon defendants Anshutz Entertainment Group ("AEG"),

AEG Live, LLC, ("AEG Live") AEG Live NY, LLC, ("AEG NY") (collectively the "AEG

Parties" or the "Defendants") by the law firm of Meyerowitz Jekielek PLLC, attorneys for

plaintiff AllGood Entertainment, Inc. and AllGood Concert, LLC (collectively "AllGood" or

"Plaintiffs") to permit discovery of and to produce the following requested documents and things for inspection within thirty calendar days from receipt, at the offices of Meyerowitz Jekielek PLLC, 295 Madison Avenue, 22nd Floor, New York NY 10017.

PLEASE produce the requested documents pursuant to the instructions and definitions herein.

## DEFINITIONS

The following definitions shall apply to each of the Requests and each term shall have the meaning given below.

1. "All" means "any and all," and "any" means "any and all."

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification all responses which might otherwise be construed to be outside its scope.

3. "Person" or "Persons" includes any and all of his/her present or former employees, agents, representatives, assigns, trustees, beneficiaries, heirs and/or affiliates.

4. "Entity" includes any and all present and former partnerships, joint ventures, successors, predecessors, assigns, divisions, affiliates, parents, subsidiaries, affiliates, principals, owners, members, agents, partners, officers, directors, shareholders, employees, all predecessors in interest and/or each and every other person or entity acting on its behalf.

5. "You" and "Your" means the person and/or entity to whom these Requests are directed and/or answering these Requests, including your present or former affiliates, divisions, principals and all members, officers, employees, subcontractors, independent contractors, agents, representatives, predecessors, successors, subsidiaries, assigns and/or any and all other persons acting (or who acted) or purporting to act (or who purported to act) on Your behalf.

2

6.     "Document" or "Documents," as defined or referenced in the dictionary, as well as in the FRCP and Local Rule 26.3(c)(2), and shall include, but not be limited to any and all writings and recorded or documented representations, whether it be a picture, drawing, diagram, chart, survey and/or graph, whether handwritten, typed and/or electronic, whether original, copy, printed, stored, archived, transcribed, etched, impressed, published on the internet, a bulletin board, blog and/or otherwise electronically published, and/or stored, reported, and/or recorded, however produced or reproduced, now or at any time in the possession, custody and/or control of the party to whom this Request is made. Without limitation of the term "control," as used herein, a Document(s) is deemed to be in the control of the Requested Party if it has the right, power, authority and/or ability to request and/or obtain a copy and/or original of the requested Document from another person or entity. A draft of a non-identical copy is a separate document.

7.     "Communication" or "Communications," as defined or referenced in the dictionary, as well as the FRCP, and includes any and all expression and/or transmission of information, and is used herein in the broadest sense possible, and includes, but is not limited to any and all recorded or documented conversations, meetings, discussions and/or any other occasion for verbal exchange, whether in person, by telephone or electronically, as well as any and all letters, notes, memos, memorandums, notices, publications, publishing, correspondence, emails, text messages, instant messages, blogs, social and/or other website entries and/or postings, other electronic transmissions or recordings, memoranda, telegrams, cables, wires, and/or facsimiles.

8.     "Agreement" or "Agreements" shall include, but not be limited to any and all amendments, modifications, supplements, rescissions, related Documents, drafts, term sheets and/or notes, and/or revisions thereto.

9.     "Complaint" means both the Complaint and/or the Amended Complaint served and filed in the instant action.

10.     "AllGood" or "Plaintiffs" means plaintiffs herein AllGood Entertainment, Inc. and AllGood Concerts, LLC, as alleged in the Complaint, and any of their present or former parents, subsidiaries, affiliates, assigns, principals, agents, partners, officers, directors, shareholders, employees, predecessors in interest and/or each and every other person or entity acting on its behalf.

11.     "AEG Defendants" means defendants herein Anshutz Entertainment Group, AEG, AEG Live, LLC, and/or AEG Live NY, LLC, as alleged in the Complaint and any of their present or former parents, subsidiaries, affiliates, assigns, principals, agents, partners, officers, directors, shareholders, employees, all predecessors in interest and each and every other person or entity acting on its behalf.

12.     "Dileo Entertainment" means defendant Dileo Entertainment and Touring Inc., as alleged in the Complaint, and any of its present or former parents, subsidiaries, predecessors, successors, divisions, partners, independent contractors, joint venturers, affiliates, assigns, principals, agents, representatives, partners, officers, directors, shareholders, employees, and each and every other person or entity acting on its behalf.

13. "Dileo" means defendant Frank Dileo, as alleged in the Complaint, and any of his his present or former principals, agents, partners, employees, heirs, assigns, predecessors in interest and each and every other person or entity acting on his behalf.

14. "Dileo Defendants" mean Dileo and Dileo Entertainment.

15. "Michael Jackson" means the artist and entertainer, as alleged in the Complaint, and any of his present or former principals, agents, partners, employees, heirs, assigns, predecessors in interest and each and every other person or entity acting on his behalf.

16. "The Jackson Estate" means the Estate of Michael J. Jackson, as alleged in the Complaint, c/o John Branca and John McClain, Special Administrators of and legally appointed Administrators of the assets and debts of the Estate of Michael J. Jackson and any of its present or former principals, agents, partners, employees and predecessors in interest and each and every other person or entity acting on their behalf.

17.     "Jackson Family Member" refers to Janet Jackson, Jackie Jackson, Tito Jackson, Jermaine Jackson, Marlon Jackson, and Randy Jackson, or any of them.

18. The "Event" means "The Jackson Family Reunion: A Concert for the World" and/or that certain concert(s), as alleged in the Complaint, and/or the concept of such an Event, featuring Michael Jackson and/or the "Jackson Family," in which Plaintiff was to be the promoter.

19. The "O2 Concert" means a certain concert series, as alleged in the Complaint, , and/or the concept of such an O2 Concert, featuring Michael Jackson in which any one of the AEG Defendants was or were to be promoting and/or otherwise to be involved in said event.

20. "This Is It" means the recently produced and released movie consisting of interviews, rehearsals and backstage footage of Michael Jackson as he prepared for the O2 Concert, and as set forth in the Complaint.

**INSTRUCTIONS**

1.     When, after a reasonable and thorough investigation, using due diligence, you are unable to produce any documents, or any part thereof, on the ground of lack of documents

available to you, specify in full and complete detail why the documents are not available to you and what has been done to locate the documents.

    2.    When a request does not specifically request a particular document, but such document or documents are necessary to make the answer to the document request comprehensible, complete or not misleading, you should include the documents as part of your answer, and the document request shall be deemed specifically to request the documents.

    3.    Your production to these document requests should be promptly supplemented if you obtain information on the basis of which you believe that any such answer was incorrect when made or that a production though complete when made is no longer completely complete.

    4.    Whenever in these document requests there is a request to "identify" a natural person or individual, state the person's (i) full name; (ii) his or her present or last known home and business addresses; (iii) his or her employer; and (iv) the present or last known place of employment; and the relationship, if any, of such individual to Defendant.

    5.    Whenever in these document requests there is a request to "identify" a corporation, partnership, entity, unincorporated association or other person or business or governmental entity, state (i) the full name of such entity; (ii) the last known address of the headquarters, main office, or home office of such entity (stating the latest date at which you know this to have been its address); and (iii) its relationship, if any, to Defendant.

    6.    Whenever in these document requests there is a request to "identify" a communication or agreement: (i) state the date and place of such communication or agreement (in the case of telephone conversations, the location of each party); (ii) identify each person who was present at, or who participated in, such communication or agreement or who supplied any information used in making the communication or agreement; (iii) identify the type of

6

communication (e.g., meeting, conference, telephone conversation); (iv) state the entire substance and content of such communication; (v) whether the communication was written or oral; and (vi) identify each document concerning such communication or agreement.

7.     Whenever in these document requests there is a request to "identify" a source of information: (i) identify the person from the answering party who obtained the information; and (ii) identify each document or communication from such person concerning the information.

8.     Whenever in these document requests there is a request to "identify" a document, state, with suitable particularity to frame a subpoena duces tecum, such information as is necessary to locate and define such document for production, including but not limited to (i) the type of document; (ii) its title, if any; (iii) the general subject matter of the document and a summary of its contents; (iv) the dates of its creation, execution, receipt, recording, filing and transcription; (v) the present or last known location of such document (stating the latest date at which you know this to have been the location of such document); (vi) the identity of the person or persons who authorized, created, executed, received, recorded, filed, transcribed, and now has custody of such document and the relationship of such persons, if any, to Defendant.

9.     Whenever in these document requests there is a request to "identify" an act, event or occurrence, state (i) the persons, documents, and communications involved; (ii) the place where and the time when the act, event, or occurrence took place; (iii) a summary and description of the nature, subject matter, substantive content, and physical characteristics of the act, event, or occurrence; and (iv) any result or disposition flowing from the act, event, or occurrence.

10.    The use of a word in its singular form shall be deemed to include within its use the plural form as well, and the use of a word in its plural form shall be deemed to include within its use the singular form as well.

11.    Each paragraph and subparagraph herein should be construed independently and not with reference to any other paragraph and subparagraph for the purpose of limiting the scope of the response to such request.

12.    Whenever a document request calls for the identity of, or other information relating to, a document or communication claimed by the answering party to be privileged, include in the statement of the identity of such document or communication the fact of such claim of privilege and the basis asserted for such claim.  As to any such document or communication state:  (i) the reason for withholding it or information relating to it; (ii) the author of the document; (iii) the type of document (e.g., letter, memorandum, etc.); (iv) each person or other person to whom the original or a copy of the document was sent or distributed; (v) all persons present at or participating in the communication; (vi) the date of the document or communication; and (vii) the general subject matter of the document or communication.

13.    In the event that any document request is not responded to by you by reason that the request is claimed to be objectionable, please state with respect to each such document request the portion of the request that is claimed to be objectionable and the nature and basis of the objection.  However, responses shall be made to any portion of such request that is not claimed to be objectionable.  Where there is an objection to any document request or part thereof, identify each communication or document or portion thereof as to which the objection is made together with the following information:

(a)    In the case of a communication, identify:

8

        i)      The persons present or participating in the communication;

        ii)     The date, time and place of the communication;

        iii)    The subject matter and substance of the communication;

        iv)    All persons to whom the subject matter or substance of the communication was communicated; and

        v)     The basis of the objection.

    (b)    <u>In the case of a document, identity</u>:

        i)      Each author or maker of the document;

        ii)     Each addressee or recipient of the document and each other person to whom the document's contents were shown or explained;

        iii)    The date of the document;

        iv)    The title or description of the general nature of the subject matter of the document and the number of pages;

        v)     The present location of the document;

        vi)    Each person who has custody, possession or control of the document; and

        vii)   The basis of the objection.

14.    If any document that would have been responsive to a document request has been destroyed or discarded, identify the document and state also:

    (a)    The date on which the document was destroyed or discarded;

    (b)    The reason for the destruction or discard;

    (c)    The persons authorizing and/or carrying out such destruction or discard.

15.    The document requests herein shall be deemed **continuing in nature**, so as to require supplemental answers if the answering party obtains further responsive information after the answers to these requests are made which should be disclosed pursuant to the FRCP.

16.     To the extent precise and complete information cannot be furnished in response to a document request, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate should be described. Where knowledge is not available, Plaintiff should answer to the best of their information and belief, and any such answer should be so described.

17.     Each answer is to be preceded by the request to which it is responsive.

## DOCUMENT REQUESTS

1.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, concerning the allegations and/or claims set forth in the Complaint.

2.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, concerning the allegations, arguments and/or claims set forth in the Dileo Defendants' motion to dismiss.

3.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, concerning the allegations, arguments and/or claims set forth in the AEG Defendants' motion to dismiss.

4.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, that refer or relate to any one of the Plaintiffs.

5.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, that refer or relate to the Event.

6.   Any and all Documents, not subject to attorney-client privilege and/or attorney work product, that refer or relate to the O2 Concert.

7.  Any and all Documents, not subject to attorney-client privilege and/or attorney work product, that refer or relate to Michael Jackson and any one of the Dileo Defendants from January 2008 to date.

8.  Any and all Documents, not subject to attorney-client privilege and/or attorney work product, that refer or relate to Michael Jackson and any one of the AEG Defendants from January 2008 to date.

9.  Any and all Communications, not subject to attorney-client privilege and/or attorney work product, that refer or relate to the allegations and/or claims set forth in the Complaint.

10. Any and all Communications, not subject to attorney-client privilege and/or attorney work product, that refer or relate to Plaintiffs.

11. Any and all Communications, not subject to attorney-client privilege and/or attorney work product, that refer or relate to the Event.

12. Any and all Communications, not subject to attorney-client privilege and/or attorney work product, that refer or relate to the O2 Concert.

13. Any and all Communications by and between any one of the Plaintiffs and any one of the AEG Defendants.

14. Any and all Communication, by and between any one of the Plaintiffs and any one of the Dileo Defendants.

15. Any and all Communication, by and between any one of the AEG Defendants and any one of the Dileo Defendants that refer or relate to Michael Jackson, the O2 Concert Series, Plaintiffs, This Is It and/or The Event, from January 2008 to date.

16. Any and all Communications by and between any one of the AEG Defendants and Michael Jackson and/or Jackson Family Members that refer or relate to the O2 Concert Series, Plaintiffs, This Is It and/or The Event, from January 2008 to date.

17. Any and all Communications by and between any one of the AEG Defendants and Dr. Tohme Tohme that refer or relate to Michael Jackson, the O2 Concert Series, Plaintiffs, This Is It and/or The Event, from January 2008 to date

18. Any and all Communications by and between any one of the AEG Defendants and Leonard Rowe that refer or relate to Michael Jackson, the O2 Concert Series, Plaintiffs, This Is It and/or The Event, from January 2008 to date.

19. Any and all Communications by and between the AEG Defendants and Joe Jackson that refer or relate to Michael Jackson, the O2 Concert Series, Plaintiffs, This Is It and/or The Event, from January 2008 to date.

20. Any and all Agreements by and between any one of the AEG Defendants and Michael Jackson from January 2008 to date.

21. Any and all Agreements by and between any one of the AEG Defendants and the Dileo Defendants from January 2008 to date.

22. Any and all Agreements by and between any one of the AEG Defendants and The Jackson Estate in connection with This Is It.

23. Any and all Agreements by and between any one of the AEG Defendants and Michael Jackson in connection with This Is It.

24. Any and all Agreements by and between the AEG Defendants and Jackson Family Members in connection with This Is It.

25. Any and all Communications by and between the AEG Defendants and all third party vendors, including without limitation venue Agreements, in connection with the O2 Concert Series and/or The Event.

26. Any and all Documents concerning monies and/or profits paid to and/or received by Defendants from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson, from January 2008 to date, including, but not limited to, bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence.

27. Any and all Documents concerning monies and/or profits paid to and/or received by Michael Jackson, The Jackson Estate, and/or Jackson Family Members from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson, from January 2008 to date, including, but not limited to, bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence.

28. Any and all Documents concerning monies and/or profits paid to and/or received by the Dileo Defendants from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson, from January 2008 to date, including, but not limited to, bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence.

29. Any and all Documents in connection with the marketing and/or promotion of the O2 Concert Series and/or The Event.

30. Any and all Documents in connection with the marketing and/or promotion of This Is It.

31. Any and all Documents relating to the amount of money earned by the AEG Defendants from the from the commercial exploitation of This Is It and/or the image and likeness of Michael Jackson, from January 2008 to date, including, but not limited to, bank statements, wires, checks, check stubs, spreadsheets, receipts, account books, account ledgers, bills, invoices, memos, notes, correspondence, including, but not limited to ticket sales, DVD sales and merchandise.

32. Any and all Documents relating to any and all insurance policies retained by the AEG Defendants in connection with the O2 Concert Series.

33. Any and all Communications relating to any and all insurance policies retained by the AEG Defendants in connection with the O2 Concert Series.

34. Any and all Documents relating to any and all amount of money paid to the AEG Defendants by any and all insurance carries in connection to the O2 Concert Series.

35. Any and all Documents concerning the computation of charges for the O2 Concert Series.

36. Any and all Documents relating to telephone records of telephone calls between the AEG Defendants and the Dileo Defendants from November 21, 2008 through December 31, 2009.

Dated: New York, New York
     April 19, 2010

                      MEYEROWITZ JEKIELEK PLLC

                      By: _____
                         Ira Scot Meyerowitz (IM 2449)
                         Jon D. Jekielek (JJ 0536)
                       295 Madison Avenue

22nd Floor
New York, New York 10017
Tel: (212) 686-7008
Fax: (212) 542-8883

*Attorneys for Plaintiffs*

15